```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION


ROBERT TAYLOR,                      :

         Plaintiff,                 :

vs.                                 :   CIVIL ACTION   08-00197-CG-B

SYNTHIA BROWN, et al.,              :

         Defendants.                :
```

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se, filed a complaint in the Middle District of Alabama alleging violations of 42 U.S.C. § 1983. By Order dated April 17, 2008, Plaintiff's action was transferred to this Court from the Middle District of Alabama (Doc. 4). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court due to Plaintiff's failure to keep the Court apprised of his address.

In an Order dated May 20, 2008, Plaintiff was advised that his case would undergo the required screening pursuant to 28 U.S.C. § 1915(e)(2)(B), and was further advised of his obligation to keep the Court apprised of any change in his address. (Doc. 7). Plaintiff was expressly cautioned that the failure to notify the Court of a change in his address would result in the dismissal of this action for failure to prosecute and failure to adhere to the

Court's Orders. (Id.).

The undersigned takes judicial notice of the fact that during 2008, Plaintiff filed two other Section 1983 actions with this Court, and listed as his mailing address, 3800 Fountain, Atmore, AL 36503. See Taylor v. Mobile Mental Health, CA No. 08-00074-CG-B, and Taylor v. Warden Ferrell, et al., CA No. 08-00067-WS-B. Plaintiff also listed the Atmore, AL address as his address of record in this case. The docket in the Taylor v. Mobile Mental Health action reflects that the district court recently dismissed that action for failure to prosecute after mail sent to Plaintiff at the Atmore, AL address was returned as undeliverable, and a search of the Alabama Department of Corrections' website revealed that Plaintiff is no longer in custody. See Taylor v. Mobile Mental Health, CA No. 08-00074-CG-B. (Docs. 10,11).

Similarly, in Taylor v. Warden Ferrell, et al., the undersigned recently issued a Report and Recommendation recommending that Plaintiff's complaint in that action be dismissed for failure to prosecute. The Report and Recommendation was issued after mail sent to Plaintiff at the Atmore, AL address was returned as undeliverable, and a search of the Alabama Department of Corrections' website revealed that Plaintiff is no longer in custody. Taylor v. Warden Ferrell, et al., CA No. 08-00067-WS. (Doc. 8).

In the instant action, a review of the docket reflects that

Plaintiff's address of record is still listed as 3800 Fountain, Atmore, AL 36503; however, a search of the Alabama Department of Corrections' website reveals that he is no longer in custody. Notwithstanding the Court's Order (Doc. 7) directing Plaintiff to keep the Court apprised of his current address, Plaintiff has failed to do so, and at this juncture, the Court has no means by which to contact him.

Given Plaintiff's failure to keep the Court apprised of his current address, it appears that he has lost interest in this case. Accordingly, upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because the Court has no means by which to contact Plaintiff and no other lesser sanction will suffice. Link v. Wabash R.R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own


proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **6th** day of **April, 2009**.

          **/s/SONJA F. BIVINS**
          **UNITED STATES MAGISTRATE JUDGE**